GONZALO FERNÓS y LUZ LÓPEZ, demandantes y apelados, *v.* MUNICIPIO DE SAN JUAN, representado por su alcalde, HON. ROBERTO H. TODD, demandado y apelante.

No. 5677.—*Sometido:* Junio 22, 1931. *Resuelto:* Julio 7, 1931.

E. *Font Suárez*, abogado del apelante; *Molina, Dubón & Ochoteco*, abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Los demandantes se quejaron de una zanja y de una tubería de concreto colocada en su propiedad sin su consentimiento, y entablaron pleito para que se declarase la inexistencia de una servidumbre y por daños y perjuicios, contra

el municipio de San Juan, representado por su alcalde Roberto H. Todd. El municipio compareció por su abogado y excepcionó la demanda. La excepción fué desestimada. Posteriormente, los demandantes hicieron que el secretario tomara razón de la rebeldía del demandado. El caso fué puesto en calendario, y la corte lo vió, fallándolo a favor de los demandantes y resolviendo que no existía servidumbre alguna, que los demandantes no la habían consentido, y que el municipio debía remover la tubería, etc. Durante el juicio, el demandado sólo compareció para impugnar el derecho de los demandantes a demandar al municipio, bajo las circunstancias.

Esta defensa se basa en la sección 29 de la Ley Municipal, Leyes de 1928, página 357, que entre otras cosas dispone:

"En ningún procedimiento o acción en que sea parte el municipio representado por el Alcalde, podrá éste allanarse a la demanda, o dejar de contestarla ni someter dicha acción o procedimiento a arbitraje, sin el consentimiento de la Asamblea Municipal. . ."

Los demandantes nos piden que desestimemos la apelación por frívola.

La corte inferior resolvió que si el artículo citado prevaleciera para impedir pleitos, un municipio demandado podría, a su arbitrio, demorar esos pleitos, y la ley sería inconstitucional en ese particular. Evidentemente, la corte tiene razón. Ese artículo debe interpretarse como una mera medida directiva que restringe al alcalde. No puede sostenerse que sea un impedimento al derecho a demandar. Descartando ciertas excepciones que es innecesario considerar, los municipios deben responder de sus culpas y cumplir sus obligaciones al igual que otras personas. Algo de esto llegó a ser aparente recientemente por nuestra decisión en *Serra, Garabís & Co.* v. *El Municipio de Río Piedras,* pág. 468 de este tomo.

El apelante radicó un alegato sobre la proposición principal, en el que prometió estudiar más detenidamente la

cuestión, pero no nos da motivo satisfactorio alguno para demorar a los demandantes, y *la apelación debe ser desestimada por frívola.*